

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 31, 2017

**BY ECF**

Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
500 Pearl Street, Suite 1320
New York, New York 10007

      Re:      *United States* v. *Norman Seabrook and Murray Huberfeld,*
                **16 Cr. 467 (ALC)**

Dear Judge Carter:

      The Government submits this letter in response to counsel for Mr. Huberfeld's letter of earlier tonight asking to admit certain exhibits relating to specific extrinsic evidence of alleged misconduct by Jona Rechnitz, a cooperating witness for the Government. For the reasons articulated below, none of the proffered bases for admission satisfy the Federal Rules of Evidence, and each of the exhibits at issue should be precluded.

    A.    **Evidence Relating to the Four Seasons Hotel**

      Counsel for Mr. Huberfeld seeks to admit an invoice of a Four Seasons Hotel stay for Ari Gross paid for by Jona Rechnitz, and photographs of spending money provided by Rechnitz to Mr. Gross in connection with that stay. According to counsel, this money was a "bribe" in exchange for Mr. Gross's help in composing an e-mail regarding a property lease that Mr. Gross had earlier negotiated with Mr. Rechnitz.[1] This is indisputably extrinsic evidence, having no relevance to the matter on trial before Your Honor.

      Federal Rule of Evidence 608(b) precludes the use of such extrinsic evidence to "prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Recognizing that the defense cannot admit evidence regarding the supposed "bribe" in order to attack Mr. Rechnitz's character for honesty, counsel for Mr. Huberfeld stretches to locate a different avenue of admissibility, settling on the "impeachment by contradiction" doctrine. But this doctrine is wholly inapposite here because Mr. Rechnitz has *admitted* providing the hotel stay and spending money to Mr. Gross, and so the photos counsel seeks to admit do not contradict

---

[1] It is not clear what bribery statutes were allegedly violated, as Mr. Gross is not a public official, but the Court need not address this issue.

anything Mr. Rechnitz has testified to. Whether the conduct at issue constituted some sort of bribe – which the witness has denied – is not made more or less true by virtue of displaying these photographs to the jury.[2]

Moreover, it is not clear that the "impeachment by contradiction" doctrine is applicable here. As an initial matter, the doctrine holds that "where a defendant testifies on direct about a specific fact, the prosecution is entitled to prove . . . that he lied as to that fact." *United States v. Beverly*, 5 F.3d 633, 639-40 (2d Cir. 1993). Here, the testimony came neither by a defendant, nor on direct. Counsel has cited no cases from this Circuit applying the doctrine to witness testimony, as opposed to defendant testimony, and the Government has not located any such cases either.[3] More importantly, the rule generally applies to testimony introduced on *direct examination*, *Beverly* at 639-40, so that the party introducing an issue on direct cannot use Rule 608(b) as a shield after opening the door. *See also Jones* v. *S.P.R.R.*, 962 F.2d 447, 450 (5th Cir. 1992) ("Of course, if the opposing party places a matter at issue on direct examination, fairness mandates that the other party can offer contradictory evidence even if the matter is not collateral"); *cf. United States* v. *Ramirez*, 609 F.3d 495, 499 (2d Cir. 2010) ("It is an open question in our Court whether the government can present extrinsic evidence to impeach by contradiction a statement made by the defendant on *cross*-examination, where such evidence would otherwise be barred by the Federal Rules of Evidence.") Here, Mr. Rechnitz testified to exactly none of these matters on direct examination.

For these reasons, Mr. Huberfeld's request to admit evidence regarding the Beverly Hills events should be denied. The Government further notes that to the extent the defendant is able to put extrinsic evidence of those events and the related lease issue into evidence, the Government may in turn call witnesses about this matter, including witnesses who are likely to testify (i) that the Beverly Hills trip was not a "bribe" or related to the e-mail at issue; and (ii) about efforts by associates of Mr. Huberfeld to pressure witnesses to testify falsely with respect to this matter. This is, for the most part, far afield from the case on trial, and involves matters that should not be in evidence through extrinsic means.

### B. The Court Should Not Admit Extrinsic Evidence Of a Phone Call Between Mr. Rechnitz and His Father-in-Law

Huberfeld seeks to admit a recorded conversation in which, according to counsel, Rechnitz asked his father-in-law to lie to authorities about cash received from Hamlet Peralta, a wholly collateral matter. Although this conversation, in counsel's own estimation, is about *lying*, counsel asserts that it is not being offered as collateral evidence of the witness's character for truthfulness. Instead, counsel asserts, it is offered for "Rechnitz's method of operating and his scheme in this

---

[2] For the same reason, the evidence does not "rebut Mr. Rechnitz's testimony that he would not commit a new crime since entering into his cooperation agreement." (Def. Letter at 4.) Mr. Rechnitz has *admitted* to everything that each of these exhibits evidence, and so it is not clear how introduction of these exhibits would rebut anything Mr. Rechnitz testified to.

[3] This is not – given the short time frame in which this response is drafted – a categorical statement that no such cases exist.

case to blame his wrongdoing on others." It is not clear what this means except that counsel is asserting that Mr. Rechnitz's method of operating is to lie – extrinsic evidence of which is precluded under Rule 608(b). Counsel cites no other Federal Rule or doctrine that would permit this evidence, and it therefore should be precluded.

### C. Mr. Rechnitz's Credit Card Statements Should Not Be Introduced Into Evidence

Huberfeld asks the Court to admit Mr. Rechnitz's credit card statements on the basis that they will show that Mr. Rechnitz could have filed his tax returns and has purposefully avoided doing so. This is a transparent attempt to introduce extrinsic evidence that the defense believes will show Mr. Rechnitz is a dishonest tax avoider. It should therefore be denied pursuant to Rule 608(b).

Looking for a hook around Rule 608(b), counsel again latches onto "impeachment by contradiction." But even if that doctrine applied to the testimony of a non-defendant witness on cross examination, the statements do not contradict anything to which Mr. Rechnitz testified. Indeed, Mr. Rechnitz testified that he was precluded from accessing his credit card records from American Express after he was under investigation or charged. Given that there is no contradictory evidence that Mr. Rechnitz accessed or could have accessed the records at issue, it is not clear how those records contradict Mr. Rechnitz's testimony about being unable to file accurate tax returns. The "impeachment by contradiction" doctrine thus is inapplicable here.

### D. Photographs of Mr. Rechnitz's Living Arrangement or Lifestyle Are Irrelevant and Should Be Precluded From Evidence

After asking Mr. Rechnitz about the consequences of this case on his life, counsel seeks to blunt the effect of an answer he regrets eliciting by introducing evidence of a purely personal variety regarding Mr. Rechnitz's house and lifestyle. The admissibility of this evidence rests on a yet more strained interpretation of the "impeachment by contradiction" doctrine. That there are collateral negative consequences to Mr. Rechnitz of this case is not contradicted by showing the jury photographs of his house. Nor is it the case, as counsel appears to suggest, that people of means do not suffer if they are charged criminally. This evidence has no relevance to this matter and contradicts nothing. It should therefore be excluded. [4]

---

[4] Counsel points to two pieces of what it asserts are extrinsic evidence that the Government introduced without objection. Neither is extrinsic. One was a video of Jona Rechnitz in Phil Banks's office; Rechnitz's relationship and access to Banks, which enabled his relationship with Seabrook, is not extrinsic to this case. The other was a photograph of Mr. Rechnitz, the Mayor, Jeremy Reichberg, and Fernando Mateo. This photograph was shown twice, including to corroborate that Fernandeo Mateo was one of the individuals depicted using Mr. Rechnitz's Knicks seats, as part of the Government's effort to demonstrate that those seats were never sold to Platinum Partners.

## CONCLUSION

For the reasons above, the Government respectfully opposes Huberfeld's motion and requests that the evidence at issue be precluded.

    Very truly yours,

    JOON H. KIM
    Acting United States Attorney

    \_\_/s/_____
    Russell Capone
    Martin S. Bell
    Kan M. Nawaday
    Assistant United States Attorney
    (212) 637-2247/2463/2311