

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 6, 2019

**BY ECF and EMAIL**
The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    **United States v. Norman Seabrook,**
             **16 Cr. 467 (AKH)**

Dear Judge Woods:

    The Government respectfully submits this letter to clarify a matter raised in its sentencing submission of February 4, 2019 (Dkt. No. 289) and to respond to defendant Seabrook's letter of February 6, 2019 (Dkt. No. 290).

    First: In its sentencing submission, the Government took the position that a restitution award of $7 million as to Seabrook, on an apportionment theory, would be appropriate in this case. Although the Government reached that position after consulting with the Correction Officers Benevolent Association ("COBA"), the Government does not wish for the Court or any other party to be misled: this position is actually that of the Government, and not COBA. The Government understands COBA's position to be that, as to Seabrook, restitution ought to be awarded up to the full amount of COBA's losses. While the Government believes that apportionment is the better course, we respectfully submit that if the Court requires Seabrook to pay full restitution, Huberfeld, notwithstanding his agreement with COBA requiring a $7 million payment, should be treated the same.

    Second, in his February 6 submission, Seabrook suggests that no restitution related to the loss should be awarded in his case absent some proof that he actually caused Platinum's failure. The Court should reject this argument. As proven at trial, among the morsels of information Seabrook withheld from his fellow Annuity Fund board members was the Fund's attorneys' concern that in the event of a catastrophic loss, including one triggered by fraud, the Fund would likely not be able to recoup its losses. This concern highlighted a package of risks unsuitable to a benefit plan's investment profile. Knowledge of this risk *alone*, testimony showed, would have been sufficient to deter the rest of the board's members from approving the investment. The responsibility still lies with Seabrook.

    Finally, Seabrook further rounds out the picture of recent sentences provided by the Government by providing the outcomes of several union misconduct cases. Unlike this case, two

of those three cases involved embezzlement, not bribery or kickbacks.[1] While the Court can and should consider these cases, it should also consider that Seabrook's conduct represented more than a mere theft, but a specific form of betrayal of a duty to his constituents that such that the charged honest services fraud offenses were appropriate. For that reason, the public corruption cases provided by the Government should also be considered – both as apt points of comparison with respect to the conduct and because considerations of general deterrence and the seriousness of the offense bind them to the instant case.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

by: ___/s/_____
    Martin S. Bell
    Russell Capone
    Lara Pomerantz
    Assistant United States Attorneys
    (212) 637-2463 / 2247 / 2343

cc: All Counsel (via ECF)

---

[1] In *United States* v. *Smith*, 15 Cr. 415 (RMB), the one kickback case cited by Seabrook, the defendant received a Guidelines sentence.